Eminent domain; taking; prescriptive easement in right-of-way; public road; right-of-way by necessity; frustration of private right of eminent domain as taking of property under Fifth Amendment; blocking of access road as taking; estoppel against Government to contest taking. — Plaintiff claims that the United States owes him compensation for the alleged taking of a right-of-way (a road running through adjacent Taylor and Robinson tracts) to his property, the Rattlesnake Bend tract, caused by the cutting of a 400-foot wide channel by the Army Corps of Engineers on the Taylor and Robinson tracts, severing the road, in connection with a project to construct a 232-mile navigable waterway between the Tennessee and Tombigbee Rivers. The Government *945 paid the owners of the Taylor and Robinson tracts for the land so taken. Plaintiff claims (1) that he also should have been paid since he had acquired by prescription an easement to travel and haul timber through the Taylor tract via the road to a county public road and sawmills; (2) that, alternatively, the Taylor tract road was a public road which plaintiff had a right to use for access to his land to manage, protect and market the timber thereon; (3) that he owned a right-of-way by necessity across the Taylor tract to enable hauling of his timber via the county road, whether or not the access road had been used for such purposes for the prescriptive period; (4) that there was a taking of the Rattlesnake Road tract itself, because the Government deprived plaintiff of all land access to and from a public highway; and (5) that the United States should be equitably estopped from disputing plaintiffs right of access to the Rattlesnake Bend tract by the conduct of its agent. In a recommended opinion filed December 10, 1981, Trial Judge Philip R. Miller concluded (seriatim with the above claims) that (1) the record provides no basis for a finding that plaintiff or his predecessors in interest made continuous and uninterrupted adverse use of any portion of the Taylor tract under a claim of right over any period of 20 years, and thus plaintiff had no property right in the nature of a prescriptive easement for any kind of use of a road on the Taylor tract, let alone an easement for use by heavy logging trucks; (2) that for plaintiff to have the benefit of adverse public use, he must be able to show that the use has been by the general public and not merely by a few individuals or neighbors, and the public use must be substantially continuous and uninterrupted over the prescriptive period; Alabama law protects record owners of property from being victims of their own neighborliness by presuming that one person’s use of another’s land for passage, even over long periods of time, is permissive rather than adverse; the road across the Taylor tract was never dedicated as a public road by the tract owners, the Sumter County commissioners did not consider the Taylor tract road to be a part of the county road network, and they did not maintain or improve it, nor did the Alabama State Highway Department include the road in a general highway and transportation map of *946 Sumter County; plaintiffs claim that the road became public because of continuous and open public use over 20 years is not supported by the record; (3) that plaintiff cites nothing in the facts underlying the earlier reconveyances by the United States to the prior owners which may fairly be construed to show any understanding by the parties or intent by the United States that the prior owner be given an easement through the Taylor tract if it did not have one when the United States took the properties in 1953; that the record does not support plaintiffs contention that an implied right-of-way across the Taylor tract was deemed a matter of necessity by the parties to the Rattlesnake Bend tract conveyance in 1956; (4) that plaintiff has not been cut off from access by all feasible routes and plaintiff was not deprived of land access to and from a public highway because he has not shown that he was ever entitled to such access as a matter of right prior to the Government actions of which he complains; and that a diminution in property value or impairment of plans for maximum exploitation, standing alone, is not sufficient to establish a taking; and while plantiff contends that, in general river access to timber tracts is not as advantageous economically as land access, his tract has not been deprived of all economic use; the record falls far short of supporting the findings necessary for a taking - that cut-off of land access to plaintiffs tract deprived him of all feasible or remunerative use of the tract; and (5) that plaintiffs estoppel claim is not supported by the facts; furthermore, while equitable estoppel may be applied against the Government in appropriate cases, it may not be based on the representation or act of an officer or employee who is without authority to bind the Government, plaintiff having the responsibility for establishing that the agent had actual authority which plaintiff has failed to do. On May 7,1982 the court, by order, adopted the trial judge’s recommended opinion as the basis for its judgment in this case, and dismissed the petition.